Case 3:21-cv-00337   Document 77   Filed on 02/07/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:21-0337

FRANCISCO C. MARTINEZ, TDCJ # 01185238, PLAINTIFF,

v.

THE MEMBERS OF THE TEXAS BOARD OF CRIMINAL JUSTICE, *ET AL.*,
DEFENDANTS.

## ORDER REINSTATING CASE

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE:*

Francisco C. Martinez, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and paid the $402 filing fee. His complaint challenges portions of a TDCJ policy (BP-03.91) that regulates sexually explicit images and other content in inmate correspondence. He brings claims under the First, Eighth, and Fourteenth Amendments. *See* Dkt. 1, at 4 & 13 (challenging § I(C), § IV(A)(10), and § IV(A)(11) of BP-03.91).

On June 21, 2023, the court dismissed this case on Martinez's motion. Dkt. 70. Martinez then moved to withdraw his motion and reinstate his case. Dkt. 71. He also filed motions to proceed *in forma pauperis*, for an extension of time to serve the defendants, and for service by the United States Marshal Service.; Dkt. 72; Dkt. 74; Dkt. 75. For the reasons explained below, the court will grant

Martinez's request to reinstate the case and deny all other pending motions. Additionally, Martinez will be required to submit an amended complaint.

1. **Background**

Martinez's original complaint, filed on December 3, 2021, named the following defendants: "the members of" the Texas Board of Criminal Justice (TBCJ); Bobby Lumpkin, director of TDCJ; "the members of" the Mailroom Systems Coordinators Panel (MSCP); "the members of" the Director's Review Committee (DRC); and Sherry Varela, mailroom supervisor at the Terrell Unit. Dkt. 1, at 3. On August 9, 2022, the court ordered the defendants to answer Martinez's claims, notifying the defendants of suit by service on the Office of the Attorney General (OAG). Dkt. 24. The OAG declined to receive the order to answer because Martinez does not proceed *in forma pauperis*. Dkt. 25.

On August 26, 2022, after further screening under 28 U.SC. § 1915, the court declined to issue summonses for the defendants as named in the complaint. Rather, the court took judicial notice of the proceedings in *Ji v. O'Daniel*, Civil Action No. 4:21-2663 (S.D. Tex.), in which a plaintiff raised a similar challenge to BP-03.91. In *Ji*, the chair of the TBCJ had represented to the court that he lacked the requisite connection with BP-03.91 and that the members of the DRC and MSCP, as well as unit mailroom staff, were the proper defendants in a suit challenging BP-03.91; the OAG then filed an advisory identifying persons at the DRC and MSCP with the requisite connection to the policy. *See id.* Dkt. 17; Dkt. 18. Based on these proceedings in *Ji*, the court instructed the Clerk to issue

summonses in this case for seven defendants: (1) Program Supervisor Tammy Shelby; (2) Program Supervisor Ashlie Janak; (3) MSCP Administrative Assistant Edith Dixon; (4) MSCP Administrative Assistant Sabra Robert; (5) MSCP Administrative Assistant Melissa Stansberry; (6) DRC Administrative Assistant Ashley Stansberry; and, (7) Mailroom Supervisor Sherry Varela at the Terrell Unit. *See* Dkt. 27 (taking judicial notice of persons with the "requisite connection" to enforcement of BP-03.91 and ordering Clerk to issue summonses); *see* Dkt. 31 (substituting Laura McBride for Varela).

In October and November 2022, Martinez filed two motions for additional summonses for Lumpkin and for persons he identified as serving on the TBCJ. Dkt. 32; Dkt. 38. In December 2022, the court denied his motions because Martinez had not demonstrated that Lumpkin or the board members had a requisite connection to enforcement of BP-03.91. However, the court permitted Martinez to substitute L. Thompson, the new mailroom supervisor at the Terrell Unit, for Laura McBride. Dkt. 43.

Less than two weeks later, on December 15, 2022, Martinez filed an interlocutory appeal. The court stayed and administratively closed this case. Dkt. 50. On May 23, 2023, after the Fifth Circuit dismissed the appeal for lack of jurisdiction, the court reinstated the case on Martinez's motion. Dkt. 65.

On June 5, 2023, Martinez filed a declaration and a certificate stating that he had served a summons and complaint on the seven defendants named in the order dated August 26, 2022, by certified mail, return receipt requested. Dkt. 66;

3/7

Dkt. 67. The OAG, as *amicus curiae*, filed an advisory stating that Martinez personally sent the certified mail to the defendants, in violation of Federal Rule of Civil Procedure 4(c)(2), and therefore that the office has not sought authorization to represent the defendants. Dkt. 69. Although all return receipts were signed, *see* Dkt. 66, no defendant moved for dismissal for insufficient service of process under Rule 12(b)(4) or 12(b)(5).

On June 8, 2023, less than a month after reinstatement, Martinez filed a motion to dismiss this case without prejudice under Rule 41(a)(1)(A)(i). On June 21, 2023, the court granted the motion and dismissed the case. Dkt. 70. Two days later, on June 23, 2023, Martinez filed a motion to withdraw his motion to dismiss. Dkt. 71.

The court now addresses all pending motions.

### 2. Reinstatement and *in forma pauperis* status

Martinez executed his motion to withdraw the motion to dismiss on June 19, 2023, before the court entered its dismissal order, and relied on the fact that the court had not yet ruled on his motion to dismiss. He stated that he had sought dismissal without prejudice based on his belief that "he had no cause to litigate" because the court had declined to issue summonses for certain defendants named in his complaint and because the seven defendants he attempted to serve by certified mail had not responded to the summonses. Dkt. 71-1, at 3.

Martinez's motion to withdraw will be **granted** and the Clerk will be instructed to reinstate this case. Dkt. 71. However, because he already has paid the

filing fee for this suit, his motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), which permits a court to authorize the commencement of a civil action without prepayment of fees, will be **denied as moo**t. Dkt. 75.

### 3. Order to file amended pleading

The pleading in this case, filed on December 3, 2021, names multiple defendants for whom the court declined to issue summonses, including members of the TBCJ. Dkt. 1; *see* Dkt. 27; Dkt. 43. Additionally, the pleading does not name as defendants the persons identified in the court's orders instructing the Clerk to issue summonses, including Shelby, Janak, Dixon, Robert, Melissa Stansberry, Ashley Stansberry, and Thompson. *See* Dkt. 27; Dkt. 43. In recent filings, Martinez continues to seek or request service on multiple members of the TBCJ, among other defendants. *See*, *e.g.*, Dkt. 72, at 1-2; Dkt. 73, at 2; Dkt. 74, at 6-7.

Given the complicated history of this case and that Martinez's original complaint may no longer identify the defendants against whom he intends to proceed, the court now will require Martinez to submit an amended complaint within 30 days. The court instructs Martinez as follows:

1. The amended complaint must clearly identify the defendants against whom Martinez intends to proceed.

2. The amended complaint must clearly state which claims (First, Eighth, and/or Fourteenth Amendment) he brings against each defendant.

3. All claims in the amended complaint must comply with Rule 8(a) by providing a "short and plain statement of the claim" showing that Martinez is entitled to relief from each defendant and making a demand for the relief sought. *See* FED. R. CIV. P. 8(a).

4. The amended complaint, like all filings submitted to the court, must comply with Rule 11(b). FED. R. CIV. P. 11(b).

5. Martinez may not add a new claim to this lawsuit without the court's permission. Any claims other than Martinez's previously raised claims under the First, Eighth, and Fourteenth Amendments will be subject to review under Rule 15(a), which governs leave to amend pleadings. FED. R. CIV. P. 15(a)(2); *see Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). When determining whether to grant Martinez leave to add new claims, the court will consider factors such as undue delay, bad faith, dilatory motive, undue prejudice to the defendants, and futility of amendment. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012).

6. The amended complaint must be filed <u>within 30 days</u> of the date of this order. If Martinez fails to comply with this deadline, the court may dismiss this action under Rule 41(b) without further warning for failure to comply with a court order. *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits").

Martinez's amended complaint will be subject to judicial screening before issuance of summonses. As before, the court may decline to issue summonses to certain defendants based on the screening.

## 4. Motions regarding service of process

Martinez requests an additional 45 days for service pursuant to Federal Rule of Civil Procedure 4(m). Dkt. 72; *see* Dkt. 73. This motion will be **denied as moot** based on the ruling above requiring Martinez to submit an amended pleading.

Martinez also filed a motion for service of process by the United States Marshal Service. *See* Dkt. 74, at 6 (citing FED. R. CIV. P. 4(c)(3) (the court must order service by a United States marshal if the plaintiff is authorized to proceed *in forma pauperis*); 28 U.S.C. § 1915 (proceedings *in forma pauperis*)). Because

Martinez does not proceed *in forma pauperis*, his motion will be **denied** under Rule 4(c)(3). Dkt. 74.

### 5. Conclusion

For the reasons stated above the court now orders as follows:

1. Martinez's motion to withdraw is **GRANTED**. Dkt. 71. The Clerk is **INSTRUCTED** to reinstate this case on the court's active docket.

2. Martinez's application for leave to proceed *in forma pauperis* is **DENIED as moot**. Dkt. 75.

3. Within **30 days** of the date of this order, Martinez must file an amended complaint that clearly names the defendants he seeks to sue and complies with all other instructions above. <u>If Martinez fails to submit an amended complaint within 30 days, the court may dismiss this case under Rule 41(b) without further warning.</u>

4. The Clerk is **INSTRUCTED** to send Martinez a copy of the court's form civil-rights complaint bearing this case number and marked "amended complaint."

5. Martinez's second motion for an extension of time for service of process is **DENIED as moot.** Dkt. 72.

6. Martinez's motion for service of process by the United States Marshal Service is **DENIED**. Dkt. 74.

The Clerk will provide a copy of this order to the plaintiff and to *amicus curiae*, the Office of the Attorney General, by regular mail or electronic means.

Signed on Galveston Island this  7th   day of  February            , 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE